# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG D. NGUON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C/O CLARK, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F   04 5079 AWI SMS P<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1)<br><br>ORDER REQUIRING PLAINTIFF TO INFORM COURT OF INTENT TO PROCEED IN COGNIZABLE CLAIMS OR FILE AN AMENDED COMPLAINT |

　　　Hung D. Nguon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Plaintiff filed the instant action on December 17, 2003, in the U.S. District Court for the Central District of California. The action was transferred and received in this Court on January 14, 2004. Plaintiff asserts claims for alleged constitutional violations under § 1983 and tort claims under state law and names the following defendants: Director of Corrections, all policy makers, D. Adams, Lt. W.S. Wadkins, Lt. E. Smith, Lt. J. Saunders, Dr. Kim Nguyen, C/O Rainey, C/O McKain, Assoc. Warden Cohl, CCII Linda Smart, Cpt. J.G. Arceo; Sgt. Cake; D. Donald Deering, M.T.A. Benjie; Linda L. Rianda, Arline, Stephen S. Hall, Kirsten Dean, all medical staff and correctional officers on duty on Sunday.

**A.  Screening Requirement**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  Summary of the Complaint**

Plaintiff states that on September 13, 2001, Correctional Officer Clark conducted a cell search and confiscated his Color TV, a radio/cd/cassette player and a coaxial cable. Complaint at ¶ 16. Plaintiff states that on September 16, 2001, he was assaulted by inmate Ibarra. Id. at 14. Following the assault, Plaintiff was removed from the "Sensitive Needs Yard" at SATF and placed in administrative segregation. Id. Plaintiff alleges that defendant Clark assisted in the assault by Ibarra because he did not trigger his alarm and allowed Ibarra to kick, stomp and strike Plaintiff in the legs, torso, face and head and laughed while this was occurring. Id at ¶ 17, 18, 21. In addition, Officers S. Rainey and McKain arrived at the scene but did nothing to protect Plaintiff. id. at ¶ 19, 23. Plaintiff further alleges that Lt. Wadkins, Dr. Nguyen, the MTA and other doctors on duty on September 16, 2001, were deliberately indifferent because the "cleared" him for administrative placement knowing he had suffered an injury. Id. at ¶¶ 24, 25.

Plaintiff contends that defendant Smith was deliberately indifferent because he stated that

Plaintiff refused to sign something and denied him an Investigative Employee and witnesses. Id. at ¶27. Plaintiff alleges, without any specificity, that he was not provided with adequate care and treatment by staff physicians or Officer Wadkins prior to his placement in ad-seg. Id. at ¶ 30. In addition, Plaintiff contends that Officer Saunders did not conduct an adequate investigation, defendants Adams and Smart "failed to address facts," defendant Arceo failed to consider declarations and failed to "conduct right," defendant Arline failed to "construe" the issues, defendant Cake failed to give him the relief he sought; defendants Wadkins, Smith, Saunders, Smart and Arceo failed to call witnesses; Dr. Nguyen and MTA Benjie failed to give him a follow-up exam, and defendants Cohl and Adams failed to oversee an impartial investigation. Id. at 31-39, 44, 46, 47.

**C. Claims for Relief**

   *1. Federal Claims*

      a. Excessive Force

The use of excessive force by a prison official violates the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an Eighth Amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later

seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

In this case, Plaintiff has alleged no facts that would give rise to a claim of excessive force by any of the named defendants. Accordingly, the complaint states no cognizable grounds for relief on this issue.

        b. Failure to protect

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Here, Plaintiff alleges that defendants Clark, Rainey and McKain failed to protect him when they stood by while he was being assaulted by inmate Ibarra and did nothing to stop the assault. (Complaint at 18, 19, 21, 23.) Plaintiff states that defendant Clark could have triggered an alarm but did not. Id. at 18. The allegations made by plaintiff are sufficient to state a cognizable Eighth Amendment claim for relief against defendants Clark, Rainey and McKain.

        c. Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

4

objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds,* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's allegations are that Lt. Wadkins, Dr. Nguyen, MTAs and other Doctors were deliberately indifferent because they "cleared" him for release or released him into administrative placement even though he had suffered injury from the assault. (Complaint at ¶ 25.)  However, the placement or "clearing" for placement in administrative segregation following an altercation between inmates is insufficient to demonstrate that defendants knew of and disregarded a serious risk to Plaintiff's medical needs.  Thus, the allegation regarding placement in administrative segregation fails to state a cognizable claim for relief.

Plaintiff further argues that Dr. Nguyen and MTA Benjie failed to "follow-up examination and treatment of his dislocated jaw." (Complaint at ¶ 46.) Other than his general

5

statement that the defendants failed to conduct a follow-up examination, Plaintiff provides no facts that show that the failure to follow up constituted a serious risk to his health and that defendants knew this and disregarded it.  Accordingly, this allegation too is insufficient to state a claim for relief.

Plaintiff states further that defendant E. Smith was deliberately indifferent because he alleged that Plaintiff "refused to sign and denied for an investigative employee and witnesses." This allegation is insufficient to state an Eighth Amendment claim for relief as the whether or not Plaintiff signed something regarding investigative employees has no bearing on his medical needs.  Accordingly, Plaintiff fails to state an Eighth Amendment claim on this issue.

### d. Due Process

Plaintiff raises numerous allegations that, at first glance, appear to relate to a prison disciplinary hearing.  For example, Plaintiff alleges that defendant Saunders "did not conduct an adequate investigation" regarding his appeal of alleged constitutional violations.  (Complaint at ¶31.)  Defendant Smart and Adams "failed to address facts in his 602;" defendants Arceo failed to "take into consideration declarations submitted by eye-witnesses of assault" and did not "conduct accordingly;" defendant Arline failed to "construe the issues that resulted in Plaintiff's assault and loss of property;" defendants Cake and Adams failed to "grant plaintiff relief for the property loss;" and finally, defendants Wadkins, Smith, Saunders, Smart, and Arceo "refused to call the witnesses requested noted in Affidavits attached to the appeals form" in denial of due process.  (Complaint at ¶¶ 31-39, 44.)   However, upon examination of the exhibits attached to the complaint, it appears that Plaintiff's appeal did not concern an issue of discipline but sought an investigation into the assault committed on him by another inmate.

Exhibit H to the Complaint consists of an inmate appeal form in which Plaintiff describes the attack that took place on September 16, 2001. (Complaint, Exh. H.) Plaintiff indicates that the "assailant has still not been identified" and no one has been charged in the incident.  Id. Plaintiff then requests $500,000 and a "prompt, adequate and competent investigation" of all policy makers of the facility.  Id.  Plaintiff's appeal was denied and he was informed that his staff complaints were investigated and found to be unsubstantiated.  Id.

6

1    Plaintiff also submits a second level appeal response which indicates that Plaintiff's
2 contention was that staff were responsible for his attack.  It is indicated in this document that
3 Plaintiff did not see his attacker but "heard" on the yard who the assailant was.   However, an
4 investigation of Plaintiff's suspicions revealed no evidence to charge the inmate Plaintiff
5 suspected.  (Exh.  H, Complaint.)
6    Plaintiff appealed to the Director's level wherein his appeal was again denied.  Plaintiff
7 was informed that an investigation into the incident was conducted but the incident remained
8 unresolved.    The appeal was denied because there was no evidence that staff was responsible for
9 Plaintiff's attack.  Id.
10    According to this evidence, Plaintiff's appeal did not concern a prison disciplinary
11 proceeding involving himself.  Instead, they served as requests for investigations into an incident
12 involving Plaintiff.  It is clear from these documents that Plaintiff is dissatisfied with the result of
13 the investigations of the assault conducted by prison officials.  However, as noted above, Section
14 1983 protects from the deprivation of  "any rights, privileges, or immunities secured by the
15 Constitution" by persons acting under color of law.  42 U.S.C. § 1983.    Here, Plaintiff has
16 identified no constitutional right that was violated by the prison's failure to identify Plaintiff's
17 assailant.  Plaintiff's general allegations concerning the adequacy of the investigation are
18 insufficient to demonstrate that Plaintiff was deprived of a protected interest without due process
19 of law.  See, Wolff v. McDonnell, 418 U.S. 539, 556 (1974).   Accordingly, Plaintiff fails to
20 state a due process claim for relief against any of the named defendants.
21         e.  Conspiracy
22    In the context of conspiracy claims brought pursuant to section 1983, such a complaint
23 must "allege [some] facts to support the existence of a conspiracy among the defendants."
24 Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los
25 Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that
26 defendants conspired or acted jointly in concert and that some overt act was done in furtherance
27 of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).
28    Plaintiff has not alleged any facts supporting the existence of a conspiracy between any of

the defendants. Further, Plaintiff has not alleged facts demonstrating that defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that defendants conspired to violate an underlying constitutional right.

### f. Due Process - Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff has not alleged sufficient facts for the court to make any real determination regarding his property loss. Other than the fact that Plaintiff's property was confiscated at some point time, there is no factual information regarding this issue. (Complaint at ¶ 45.) As such, the Court is unable to determine whether the deprivation was authorized or unauthorized. Further, in the event that the destruction was authorized and therefore actionable under section 1983, Plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as Plaintiff was provided with process, prison officials may deprive him of his property.

### g. Supervisory Liability

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

Here, plaintiff alleges that defendants Cohl and Adams failed to oversee an impartial investigation. (Complaint at ¶¶ 31-39, 44, 46, 47.) However, he alleges no facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u> at 646. Accordingly, Plaintiff fails to state a cognizable claim for relief regarding supervisory liability.

### 2. State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." <u>Acri v. Varian Assoc.</u>, Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

    a.  Assault & Battery

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 1999); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).

Plaintiff has stated only one cognizable claim for relief concerning defendant's Clark, Rainey and McKain's failure to protect him in violation of the Eighth Amendment. However, Plaintiff has alleged no cognizable federal claim that would allow this Court to exercise its supplemental jurisdiction over the state law claim. Even were that the case, Plaintiff has presented no facts that state a prima facie claim for relief for assault and battery. Plaintiff alleges that the defendant's failure to protect him constitutes an assault and battery. (Complaint at ¶ 42.) However, this is insufficient to state a cognizable claim of assault against the named defendants who, according to the complaint, did not take part in Plaintiff's attack. As discussed above, Plaintiff was assaulted by an unidentified individual not named as a defendant in this action. Even had Plaintiff named Mr. Ibarra, whom he believes assaulted him, as a defendant, his claim of assault and battery would not be cognizable in a Section 1983 action for Mr. Ibarra is not a state actor within the meaning of 42 U.S.C. § 1983. Accordingly, Plaintiff's state law claim of assault and battery must be dismissed.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of the plaintiff's federal rights.

In this case, Plaintiff fails to link the "Director of Corrections," O. Donald Deering, Linda L. Rianda, Stephen S. Hall, and Kirsten Dean to any of the acts or omissions alleged in his complaint. Accordingly, they must be dismissed from the action. In addition, Plaintiff's naming of "all policy makers," "all medical staff," and "all correctional officers on duty" is insufficient for Section 1983 purposes as "all policymakers, medical staff and correctional officers" are not "persons" within the meaning of 42 U.S.C. § 1983. Accordingly, these defendants must also be dismissed from the action.

**D.  Conclusion and Order**

The Court finds that Plaintiff's complaint states one Eighth Amendment Claim for failure to protect against defendants Clark, Rainey and McKain. However, the complaint states no other claims upon which relief can be granted under § 1983 against any of the defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

11

Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and ten involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

   a. FILE an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. NOTIFY the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 3, 2005**                         **/s/ Sandra M. Snyder**
icido3                                       UNITED STATES MAGISTRATE JUDGE