IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG NGUON,<br><br>        Plaintiff,<br><br>  vs.<br><br>M. CLARK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-04-6223 AWI DLB P<br><br>ORDER CONSOLIDATING CASE NUMBER CV-F-04-5079-AWI-SMS-P WITH CV-F-04-6223-AWI-DLB-P AND DIRECTING CLERK TO CLOSE CV-F-04-6223-AWI-DLB-P |

       Plaintiff Hung Nguon ("plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

       Plaintiff filed the original complaint in this action on August 18, 2003 in the Northern District of California. On September 2, 2004, the action was transferred to this Court. On February 8, 2005, plaintiff filed an amended complaint and on June 17, 2005, the Court ordered that this action proceed on plaintiff's Eighth Amendment claims against defendants Clark, McCain and Rainey.

    Upon further review of the amended complaint in this action and the amended complaint in CV-F-04-5079 which was transferred to this Court on January 14, 2004, the Court notes that the complaints contain duplicative allegations involving the same defendants.

        When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid

unnecessary costs or delay." Fed. R. Civ. Pro. 42(a). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependant on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

The court finds that, based on its review of both amended complaints, the two cases are duplicative, contain the same allegations against the same defendants and therefore should be consolidated.

Accordingly, it is HEREBY ORDERED that:

1. Case number CV-F-04-5079-AWI-SMS-P is consolidated with CV-F-04-6223 AWI-DLB-P;

2. The Clerk of the Court shall administratively close case number CV-F-04-6223-AWI-DLB-P;

3. No further filings will be allowed in CV-F-04-6223-AWI-DLB-P; and

4. All future filings shall bear case number CV-F-04-5079-AWI-SMS-P.

IT IS SO ORDERED.

Dated:   August 5, 2005                    /s/ Dennis L. Beck
3c0hj8                                     UNITED STATES MAGISTRATE JUDGE