UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG NGUON,<br><br>                    Plaintiff,<br><br>     v.<br><br>M. CLARK, et. al.,<br><br>                    Defendants._____/ | CV F   04 5079 AWI SMS P<br><br>ORDER DENYING REQUEST FOR ADDITION OF PARTIES (Doc. 37.) |

Hung Duong Nguon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a Motion Requesting the addition of parties on November 17, 2005. In this Motion, Plaintiff alleges that an Officer Hernandez violated his constitutional rights on November 8, 2005. Plaintiff also alleges that another Correctional Officer M. Hill placed Plaintiff in administrative segregation based on a false allegation. Plaintiff alleges the deprivations were in retaliation for his filing a civil lawsuit. Thus, Plaintiff seeks to include these individuals as Defendants in the instant action.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Section 1997e(a)

exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter</u>, 534 U.S. at 524 (*citing* <u>Booth v. Churner</u>, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  <u>Booth</u>, 532 U.S. at 741.

In light of section 1997e(a), Plaintiff may not add new claims that arose after this suit was filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." <u>Harris v. Garner</u>, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." <u>Id</u>. at 983.  Allowing Plaintiff to pursue the claims he added in his amended complaint would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. <u>McKinney</u>, 311 F.3d at 1199-1201.

All claims at issue in this action must have been exhausted prior to December 17, 2003, when Plaintiff filed this action.  Thus, Plaintiff's request to amend the complaint to add new claims and parties that arose after December 17, 2003, must be DENIED.

Accordingly, the Court HEREBY ORDERS:

1. Plaintiff's Motion to Amend the Complaint to add new parties is DENIED.

IT IS SO ORDERED.

**Dated:   November 22, 2005**            **/s/ Sandra M. Snyder**
icido3                                                    UNITED STATES MAGISTRATE JUDGE