# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HUNG D. NGUON,

Plaintiff,

v.

C/O CLARK, et. al.,

Defendants.

_______________________________________/

CV F 04 5079 AWI SMS P

FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND MOTION FOR SUMMARY JUDGMENT (Docs. 38, 40.)

Hung D. Nguon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 17, 2003, in the U.S. District Court for the Central District of California. The action was transferred and received in this Court on January 14, 2004.

On November 21, 2005, Plaintiff filed a Motion requesting Summary Judgment.

Defendants filed an Opposition to the Motion for Summary Judgment on November 30, 2005.

On November 22, 2005, Plaintiff filed a Motion for Injunctive Relief. The Court notes that Plaintiff did not provide a proof of service indicating that he served Defendants with either of these motions as required by law. Despite service, however, Defendants responded to the Motion for Summary Judgment. Thus, the Court will not strike the pleadings from the record but will address them in these Findings and Recommendations. Plaintiff is forewarned that the Local Rules and the Federal Rules of Civil Procedure, require that all pleadings filed with the Court be served on the opposing party. Local Rule 5-135(b); Fed.R.Civ.P. 5. The Court will strike pleadings from the record that are not served in compliance with these rules.

**A. MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

Where, as here, "the moving party has the burden of proof, . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)). Thus, on a summary judgment Motion, the moving party must demonstrate there is no triable issue as to the matters alleged in its own pleadings. Id. This requires the moving party to establish beyond controversy every essential element of its claim or defense. Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986). The moving party's

evidence is judged by the same standard of proof applicable at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Pursuant to Local Rule 56-260(a), "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' which shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact."

The Court has reviewed Plaintiff's motion and finds that it does not comply with the requirements set forth in Local Rule 56-260(a). Plaintiff's Motion must be accompanied by a Statement of Undisputed Facts in which each fact is separately set forth and is followed by a citation to the "particular portions of any pleading, affidavit, deposition interrogatory answer, admission or other document relied upon to establish that fact." Local Rule 56-260(a). A moving party's failure to cite to the evidence relied upon in support of each specific fact makes a responding party's burden unnecessarily more difficult. In fact-specific cases, the Court is disinclined to overlook the failure to comply with the mandate of Local Rule 56-260(a). The responding party should be able to quickly ascertain what facts offered by plaintiff are to be contested and what evidence is relied upon in support of each fact.

Although the court is cognizant of the fact that Plaintiff is a non-attorney proceeding pro se and is incarcerated, all parties are required to comply with this rule, regardless of their status.

In addition, as noted by Defendants, Plaintiff's Motion does not allege that there exists no genuine issue of material fact warranting summary judgment, but it is also unsupported by evidence, admissible or otherwise.

Accordingly, based on the above, the Court will RECOMMEND that Plaintiff's Motion for Summary Judgment, filed November 21, 2005, be DENIED.

**B. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

On November 22, 2005, Plaintiff filed a Motion for Preliminary Injunctive Relief.

The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the

merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

Here, Plaintiff's entire Motion consists of recitation of law. Other than his general request for "injunctive relief," Plaintiff does not make clear exactly the form of injunctive relief he is asking for. Plaintiff states that the "Corpus delecti of M. Clark was to have Plaintiff assaulted to death if it wasn't for the help of Enrique Diaz." (Motion at 4.) Plaintiff then provides the Declaration of Enrique Diaz which recites the events surrounding the attack on Plaintiff that occurred on September 13, 2001. The declaration makes no reference to an impending threat of injury nor does it provide any other useful information that would support a Motion for Injunctive Relief. It appears that Plaintiff believes that a declaration alone is sufficient to warrant an injunction. Further, the submitted Motion for Preliminary Injunctive relief fails to demonstrate a likelihood of success on the merits and the possibility of irreparable injury, or the existence of serious questions going to the merits and the balance of hardships that tip in the Plaintiff's favor. Accordingly, the Court will recommend that the Motion for Injunctive Relief be DENIED.

**C. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment and Motion for Preliminary Injunctive Relief be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28

U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: December 12, 2005** **/s/ Sandra M. Snyder**
icido3 UNITED STATES MAGISTRATE JUDGE