# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG D. NGUON, | CV F 04 5079 AWI SMS P |
| Plaintiff, | ORDER DENYING MOTION TO SUBMIT TO PHYSICAL AND MENTAL EXAMINATION AND MOTION DEMANDING ADDITIONAL "INDISPENSABLE" PARTIES (Docs. 51, 59.) |
| v. | |
| C/O CLARK, et. al., | ORDER DENYING MOTION TO COMPEL (Doc. 52.) |
| Defendants. | ORDER GRANTING MOTION FOR PROTECTIVE ORDER (Doc. 54-2.) |

Hung D. Nguon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 23, 2006, Plaintiff filed a Motion for Order to submit to physical and mental examination. Plaintiff filed a Motion to Compel discovery on February 2, 2006. On February 27, 2006, Plaintiff filed a pleading titled "Motion demanding additional INDISPENSABLE parties."

**A. Motion Regarding Mental and Physical Examination**

Plaintiff is requesting that this Court issue an Order requiring him to submit to a mental

1

and physical examination pursuant to Federal Rule of Civil Procedure 35(a).

Plaintiff's reliance on Rule 35 to obtain a physical and mental examination is misplaced. Rule 35 is a mechanism by which a party, at that party's cost, may obtain an order for the examination of an opposing party. Thus, Plaintiff's Motion will be denied. Should Plaintiff wish to arrange for an independent medical examination of himself, he may do so at his own cost and without a court order.

**B. Motion Demanding Additional of "INDISPENSABLE" parties.**

On February 27, 2006, Plaintiff filed a pleading titled "Motion demanding addition of INDISPENSABLE parties" However, although framed as a Motion, review of the document shows that the pleading is actually an Amended Complaint. However, Plaintiff did not seek permission to file an Amended Complaint prior to submitting the pleading. Moreover, because Plaintiff did not complete a form Complaint, he did not provide the necessary information to determine whether or not his claims were exhausted.

A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

As noted above, Plaintiff has not sought permission to amend his Complaint at this juncture in the proceeding. The record reveals that the Court screened Plaintiff's complaint in May of 2005 and provided Plaintiff with the opportunity to cure defects outlined in the Order Dismissing with Leave to Amend. However, Plaintiff opted to abandon all claims but the Eighth Amendment failure to protect claim against Defendants Clark, Rainey and McKain. Some of Plaintiff's claims against certain individuals he wishes to now include were simply not cognizable in a Section 1983 action. The Court declines to construe the instant Motion as a Motion to Amend as Plaintiff does state with any specificity which Defendants he wishes to add

or why. As noted above, the document is really an Amended Complaint and thus, Plaintiff provides no explanation as to the need to amend to include various parties, the claims against them or why they should be included at this stage in the proceedings. By proceeding in this manner, Plaintiff has also denied Defendants the opportunity to respond to a proposed motion to amend. Accordingly, in light of the above, the Court will DENY the Motion demanding the addition of other parties.

**C. Motion to Compel**

On February 2, 2006, Plaintiff filed a Motion to Compel discovery. Plaintiff states that he has not received answers to sets 1 through 13 of interrogatories propounded on Defendants. Upon review of the motion to compel, however, the court notes that plaintiff has failed to comply with Federal Rule fo Civil Procedure 37(a)(2)(A).

The Court's discovery and scheduling order issued June 15, 2004, stated specifically that all discovery was to comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 11-110, 7-130, 7-131, 7-132, 5-134, 5-135, 6-136, 43-140 and 78-230(m) of the Local Rules of Practice for the United States Court.

Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure provides that a motion to compel contain certification that the moving party has, in good faith, conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court intervention. The Motion before the court, however, contains no certification that plaintiff has complied with the meet and confer requirement imposed by the rules.

In addition, the discovery propounded on Defendants exceeds the number of requests for interrogatories allowed under the Federal Rules. Defendants state that they have properly responded to the 25 interrogatories allowed under the Rules. As Rule 33 provides for a maximum of 25 interrogatories, leave of court must be sought in order to propound interrogatories that exceed 25. Fed.R.Civ.P. 33(a). Here, however, Plaintiff has propounded 713 interrogatories on each Defendant, well over the number contemplated by the rules.

Accordingly, in light of the above, Plaintiff's Motion to Compel is DENIED.

**D. Motion for Protective Order**

1    In conjunction with the Opposition to the Motion to Compel, Defendants seek a
2 protective order to prevent further harassment by Plaintiff via the discovery process by relieving
3 Defendants from having to respond to discovery that is irrelevant, unnecessary, vulgar,
4 threatening and harassing. (Opposition at 3.)   Defendants point to not only the number of
5 interrogatories propounded but also reference some of the requests made by Plaintiff to the
6 Defendants as being harassing.  For example, Plaintiff has inquired of each Defendant "which of
7 Michael Jackson's songs is their favorite, which sexual position they prefer, and how many bites
8 it takes them to finish a donut." (Opposition at 1.)  In addition, Plaintiff inquires of the
9 Defendants whether they view child pornography on the internet, molest children and whether
10 the children "complaint that your cock was too big for their tiny genital orifice." (Opposition at
11 4.)  Plaintiff also asks the names and ages of each of the Defendants children and whether they
12 would be "extremely frighten for your life and love's ones when Mr. Nguon is release in a few
13 years." Id.
14    Pretrial discovery by deposition and interrogatories have the significant potential for
15 abuse. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 2209 (1984).  While
16 discovery rules are accorded broad and liberal treatment, "discovery, like all matters of
17 procedure, has ultimate and necessary boundaries."  Hickman v. Taylor, 329 U.S. 495, 507
18 (1947).  Discovery is provided to the parties for the purpose of assisting in the preparation and
19 trial, or the settlement, of litigated disputes.  Because of the liberality of the pretrial discovery
20 permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue
21 protective orders conferred by Rule 26(c) to protect from abuses flowing from the employment of
22 the discovery rules.  Federal Rule of Civil Procedure 26(c), provides, in part, that "[u]pon motion
23 by a party or by the person from whom discovery is sought . . . , and for good cause shown, the
24 court . . . may make any order which justice requires to protect a party or person from annoyance,
25 embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c).
26    In this case, Plaintiff's blatant abuse of the discovery process by fashioning lewd,
27 irrelevant, threatening and harassing questions on Defendants is sufficiently egregious to warrant
28 the issuance of a protective order.  Defendants will be relieved from having to respond to written

1  discovery that is irrelevant to the claim at issue in this action.  This does not in any way grant
2  Plaintiff leave to submit further discovery beyond the number of discovery requests allowed
3  under the rules.  As noted above, the rules allow for only 25 written interrogatories without leave
4  of court.  Plaintiff must seek leave of court and must make a "particularized showing" why
5  further discovery is necessary.  In the event such leave is granted and later abused by Plaintiff,
6  the Court will consider, upon written Motion, whether Defendants should be required to respond,
7  issue subsequent protective orders or consider any appropriate sanctions related to an abuse of
8  the process.

9  Plaintiff's is warned that his abuse of the discovery process thus far warrants sanctions
10 under Rule 37.  Contrary to Plaintiff's assertion, knowing what age the Defendants stopped
11 wetting the bed, stopped breast-feeding, ate for lunch on a given day and the names of their
12 friends is wholly irrelevant to determining whether the Defendants failed to protect Plaintiff in
13 violation of his Eighth Amendment rights.

14 The Court has the "inherent power to dismiss an action when a party has willfully . . .
15 engaged in conduct utterly inconsistent with the orderly administration of justice."  Anheuser-
16 Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995).  The litigation process
17 and mechanism of discovery is not provided to engage in harassing and menacing behavior of
18 opposing parties and will not be tolerated by the Court.  Plaintiff is **FOREWARNED** that such
19 continued behavior may result in the imposition of any and all sanctions within the power of the
20 Court.  This includes the imposition of fines, attorney fees, and involuntary dismissal of the
21 action.  Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (Court may award
22 attorney fees as a sanction against a party who has acted in bad faith [vexatiously, wantonly or
23 for oppressive reasons]); Wanderer v. Johnston, 910 F.2d 652, 655-56 (9th Cir. 1990) (providing
24 a district court has discretion to impose the extreme sanction of dismissal if there has been
25 "flagrant, bad faith disregard of discovery duties.").
26 //
27 //
28 //

**E. Conclusion**

    The Court HEREBY ORDERS:

1. The Motion For Order to Submit to Physical and Mental Examination is DENIED;

2. The Motion Demanding Additional Parties is DENIED;

3. The Motion to Compel is DENIED;

4. The Motion for Protective Order is GRANTED.

IT IS SO ORDERED.

**Dated:**   **March 3, 2006**             /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE