UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG D. NGUON,<br><br>        Plaintiff,<br><br>vs.<br><br>C/O CLARK, et al.,<br><br>        Defendants. | 1:04-cv-05079-AWI-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 46)<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTIVE RELIEF** (Docs. 38, 40) |

Plaintiff, Hung D. Nguon ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 13, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On December 23, 2005, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

//

1

1   In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a
3 de novo review of this case.  Having carefully reviewed the
4 entire file, the court finds the Findings and Recommendations to
5 be supported by the record and by proper analysis.  The
6 objections do not provide a basis to not adopt the Findings and
7 Recommendations.

8   The Magistrate Judge recommended the court deny Plaintiff's
9 motion for summary judgment.  The court agrees that Plaintiff
10 has failed to meet his burden to show that there exists no
11 genuine issue as to any material fact, and he is entitled to
12 judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Adickes
13 v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  In denying
14 Plaintiff's motion for summary judgment the court is not finding
15 the events as alleged did not occur or that Plaintiff's case
16 should be dismissed.  Rather, the court is simply finding
17 Plaintiff has not met his burden for summary judgment and, at
18 this time, the case will continue to proceed toward trial.

19   The Magistrate Judge also recommended the motion for a
20 preliminary injunciton be denied because it was unclear what
21 relief Plaintiff sought through a preliminary injunction.  In the
22 objections, Plaintiff alleges that he needs a preliminary
23 injunction so that he can receive proper medical care.   A new
24 theory cannot properly be raised in objections to Findings and
25 Recommendations.  Greenhow v. Secretary of HHS, 863 F.2d 633,
26 638-39 (9th Cir. 1988), *overruled on other grounds by* United
27 States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).  In addition,
28 the court is unable to issue any order against individuals who

2

are not parties to a suit pending before it.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  Finally, "to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003); <u>see also</u> <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*")  Thus, preliminary injunctive relief is not available based on the pending motion.

     Accordingly, IT IS HEREBY ORDERED that:

     1.    The Findings and Recommendations, filed December 13, 2005, are ADOPTED IN FULL; and,

     2.    Plaintiff's motions for summary judgment, filed November 21, 2005, and for preliminary injunctive relief, filed November 22, 2005, are DENIED.

IT IS SO ORDERED.

**Dated:   May 29, 2006**                    /s/ Anthony W. Ishii
0m8i78                                             UNITED STATES DISTRICT JUDGE